Date signed December 13, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RIDDICK L. BOWE, 1st | : | Case No. 05-41735PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the motion of Commerce Funding Corporation ("CFC") for reconsideration of this court's Order entered October 25, 2005, granting the Debtor's motion for a Rule 2004 examination of CFC. CFC is the holder of the largest claim scheduled by the Debtor, who is a professional boxer, now said to be in training. The claim is based upon a guarantee by the Debtor of obligations of an entity known as Security Unlimited Incorporated. Judgment by default has been entered in the Circuit Court for Fairfax County, Virginia, against the Debtor in favor of CFC.

The proposed examination is one of several examinations pursuant to Bankruptcy Rule 2004 that are sought by the Debtor. The motion contends that this is *sub rosa* collateral assault against the valid state court judgment and that the information sought exceeds the scope of the examination permitted pursuant to Rule 2004. There is no question that much of the information sought was received by prior counsel in the Virginia action, including copies of documents. That does not end the matter. Even if the Debtor has no possibility of recovery against CFC or diminishing its claim, information in the possession of CFC may assist the Debtor in other aspects of this case.

As one commentator notes, Rule 2004, unlike Rules 26 through 37 of the Rules of Civil

Procedure, "when the two are compared, the lack of structure and limitations imposed by Rule 2004 become readily apparent. Courts have consistently recognized that Bankruptcy Rule 2004 permits a much more broad and unfettered inquiry than Federal Rule 26." John G. Stevenson, Jr., *Discovery Under The Federal Rules Of Bankruptcy Procedure*, 9 Bankr. Dev. J. 643, 644-45 (1993). For example, one court points out in an often cited opinion,

> Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of *any person* (emphasis added." The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." *In re GHR Energy Corp.*, 33 B.R. 451, 453, 454 (Bankr. D. Mass. 1983); *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." *In re GHR Energy Corp.*, 33 B.R. at 453, *citing In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899). There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

*In re Table Talk, Inc.*, 51 B.R. 143 (BC Mass. 1985). *See also, In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999).

In the circumstances presented in this case, the court finds no evidence that this examination is scheduled for the purposes of abuse or harassment. The court notes the undertaking on behalf of Debtor's counsel not to seek duplication of the document production obtained in the state court action. An appropriate order will be entered.

cc:
Stephen B. Gerald, Esq., Seven Saint Paul Street, Suite 1400, Baltimore, MD 21202
Katherine M. Sutcliffe Becker, Esq., 1150 - 18th Street, N.W., Suite 800, Washington, DC 20036
Heather R. Sullenberger, Esq., 1945 Old Gallows Road, Suite 205, Vienna, VA 22182
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**