Date signed February 02, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                :

RIDDICK L. BOWE, 1st          :    Case No. 05-41735PM
                                :    Chapter 11
        Debtor                    :

### MEMORANDUM OF OPINION

       Riddick L. Bowe, 1st ("Debtor"), filed a bankruptcy case under Chapter 11 on October 15, 2005. The Debtor, a former heavyweight boxing champion of the world, based his hopes of success for a Plan of Reorganization upon a recommencement of his pugilistic career. Debtor's recognition of the futility of this Plan was manifest by his Motion to Convert this case to a case under Chapter 7. In a nutshell, the case went nowhere.

       Debtor's acknowledgment of futility was predated by a Motion filed by Commerce Funding Corporation ("CFC") to dismiss the case, convert the case to a case under Chapter 7, or to appoint a trustee, filed on November 3, 2006. Likewise, the Office of the United States Trustee filed a Motion on November 8, 2006, seeking conversion of the case to a case under Chapter 7. Another creditor, Gulick Group, Inc., joined in both of the Motions. The Motions were argued on February 1, 2007. At the argument, CFC changed its position and sought dismissal of the case. Dismissal benefits CFC in that it would no longer be vulnerable to having a voidable preference claim brought against it pursuant to § 547(b) of the Bankruptcy Code. On the other hand, Debtor's professionals benefit from conversion by virtue of the priority of § 726(b) of the Bankruptcy Code granting administrative expenses arising prior to conversion. Debtor's attorneys have pending an Application for Interim Compensation of $251,092.00.

There are various actions that could be filed by a Chapter 7 Trustee on behalf of the estate that might produce a substantial return for the estate.

The decision before the court is controlled by § 1112(b) of the Bankruptcy Code that provides that "after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of the title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate . . . ."  The court finds that the creditors of the estate, with the obvious exception of CFC, will benefit from conversion of this estate to a case under Chapter 7 by virtue of the more equitable distribution of proceeds of the estate and the ability of the Chapter 7 Trustee to pursue various actions, including a resolution of a dispute with Gulick Group, Inc.  Considering the lack of progress in this estate, it seems unlikely that the professionals will be able to show that the benefit of the services rendered by them will approach the amount of compensation sought.

An appropriate order will be entered converting the case to a case under Chapter 7 on the Motion of the United States Trustee.

cc:
Stephen B. Gerald, Whiteford Taylor, 7 Saint Paul Street, #1400, Baltimore, MD 21202
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Diarmuid F. Gorham, Esq., Shapiro Sher, 36 South Charles Street, #2000, Baltimore, MD 21201
Melvyn J. Weinstock, Esq., 6801 Kenilworth Ave., #400, Riverdale Park, MD 20737
H. Tucker Dewey, Esq., Husch Eppenberger, 200 Jefferson Ave., #1450, Memphis TN 38103
Heather R. Sullenberger, Esq., 4113 Maple Street, Fairfax, VA 22030

**End of Memorandum**